JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-2037 PA (ASx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | Valerie A. Day v. U.S. Bank, National Association, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants U.S. Bank, National Association successor trustee to Wachovia Bank, National Association ("U.S. Bank") and Nationstar Mortgage, LLC ("Nationstar") (collectively, "Defendants"). In their Notice of Removal, Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff Valerie A. Day ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

## I.    Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-2037 PA (ASx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | Valerie A. Day v. U.S. Bank, National Association, et al. | | |

(construing 28 U.S.C. § 1348). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

The Ninth Circuit, however, has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

## II.     Analysis

### A.     Diversity Jurisdiction

The Notice of Removal alleges that "[t]he Complaint situates Plaintiff . . . as a resident, domiciled in California, and the owner of the real property in Los Angeles California . . . . Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2037 PA (ASx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | Valerie A. Day v. U.S. Bank, National Association, et al. | | |

Plaintiff is domiciled in California, and therefore a citizen of California for diversity purposes." (Notice of Removal ¶ 12.) As the Notice of Removal indicates, the Complaint alleges only Plaintiff's residence and ownership of a home in Los Angeles. The only support for Defendants' allegation of Plaintiff's citizenship is an allegation of residence. However, residence is not the same as citizenship. Therefore, the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction.

The Court additionally notes Defendants' efforts to have this Court ignore the California citizenship of defendant Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW") are insufficient to allow removal based on diversity jurisdiction. According to the Notice of Removal, BDFTW "is a California citizen. . . ." (Notice of Removal ¶ 15.) Defendants contend that the Court should ignore the presence of BDFTW because "it is a nominal and/or sham defendant" that filed a declaration of nonmonetary status. (Id. ¶¶ 15,16.)

A nominal defendant "with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002). By filing an unopposed declaration of nonmonetary status, a trustee is excused from participation in the proceeding. See Cal. Civ. Code § 2924l(d). However, as one district court has noted, "the State statute allowing for declarations of nonmonetary status does not render a defendant a sham defendant or a purely nominal party. A defendant's declaration of nonmonetary status, which excuses a party from active participation in the case, is not conclusive." Sublett v. NDEX West, LLC, No. 11cv185-L(WMC), 2011 WL 663745 at *2 (S.D. Cal. Feb. 14, 2011). Absent any further facts or explanation, Defendants fail to demonstrate that BDFTW is a nominal defendant, and the Court will not ignore its citizenship for purposes of evaluating whether diversity jurisdiction exists. Further, Plaintiff has already objected to BDFTW's declaration of nonmonetary status. Because the Court cannot ignore BDFTW's citizenship as a purported nominal defendant, the Court concludes that Defendants have not established that the citizenship of BDFTW is diverse from Plaintiff.

    B.    <u>Fraudulent Joinder</u>

In the Notice of Removal, Defendants also allege BDFTW has "been fraudulently joined, is a sham defendant, and its citizenship should also be disregarded for this separate ground." (Notice of Removal ¶ 17.) Defendants assert Plaintiff's Complaint is "bereft of any facts or allegations demonstrating any liability or wrongdoing on the party of BDFTW." (Notice of Removal ¶ 19.) According to Defendants, Plaintiff does not make any allegations against BDFTW but "merely alleges that [Nationstar] did not have the capacity to substitute in BDFTW as Trustee." (Id.) Defendants finally argue "Plaintiff's contention that BDFTW lacked authority to act as the trustee is directly contradicted

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 15-2037 PA (ASx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | Valerie A. Day v. U.S. Bank, National Association, et al. | | |

by the recorded Substitution of Trustee" which constitutes "conclusive evidence" of the authority of the substituted trustee or his or her agents. (Id.)

Defendants fail to meet their burden of proving fraudulent joinder. Plaintiff's Complaint makes specific allegations regarding BDFTW and incorporates them into the second claim for unfair business practices, Cal. Bus. & Prof. Code § 17200. Plaintiff alleges BDFTW "are attorneys . . . in the business of acting as a Trustee in California and of foreclosing on properties such as Plaintiff's." (Compl. ¶ 26.) Specifically, Plaintiff claims BDFTW "is an improper trustee and any Trustee sale conducted by [BDFTW] or its agents . . . would be void." (Compl. ¶ 33.)

The standard for fraudulent joinder is whether there is a possibility that plaintiffs may prevail, not whether they actually will prevail. Lieberman, 1996 WL 732506, at *3. Plaintiff has alleged that because Nationstar did not have the capacity or legal authority to sign the Substitution of Trustee, the Substitution of Trustee was void and BDFTW never became the Trustee. The Court finds that Defendant has not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on the claim against BDFTW. See Plute, 141 F. Supp. 2d at 1008.

## Conclusion

For all of the foregoing reasons, Defendants have failed to meet their burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. PC056217 for lack for subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.